UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARTY JOE BANGHART,<br><br>Petitioner,<br><br>vs.<br><br>DOUG CLARK, ACTING WARDEN; and the ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:21-CV-04066-KES<br><br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Movant, Marty Joe Banghart, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that his trial counsel was ineffective for multiple reasons. Docket 1. Now pending are petitioner's motion for summary judgment and respondents' motion to dismiss Banghart's petition without holding an evidentiary hearing. Dockets 5 & 9. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Banghart's motion for summary judgment be denied, respondents' motion to dismiss be granted in its entirety, and Banghart's habeas petition be dismissed with prejudice. Docket 20 at 47. Banghart timely filed objections to the report and recommendation. Docket 29. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation in full and dismisses Banghart's petition.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Magistrate Judge Duffy provided a full, complete and well-analyzed report and recommendation addressing all the issues raised by Banghart. The court adopts the recommendations in full and addresses briefly the issues raised by Banghart in his objections.

## FACTUAL BACKGROUND

A full factual and procedural background was provided by the magistrate judge in her report and recommendation. Docket 20 at 2-9. Banghart states that he objects to the facts in the report and recommendation, but he does not identify any specific facts that were in error. *See* Docket 29 at 1. This court has reviewed the facts and finds that they are all supported by the record. Thus, the full factual and procedural background as set forth in the report and recommendation is adopted.

**DISCUSSION**

In his objections, Banghart alleges that because he was denied a copy of his complete case file, he is unable to show prejudice—as is necessary for him to establish ineffective assistance of counsel. *Id.* at 2. He alleges that he was unable to file an informed response with the court because he was not provided the required records. *Id.* He states that prejudice is shown because Magistrate Judge Duffy stated that "speculation, however, is insufficient to establish prejudice." *Id.* (quoting Docket 20 at 45). Banghart argues that without the record, he is unable to identify evidence within the record that support his claim and he is left with mere speculation. *Id.*

In the portion of the report and recommendation that is referenced by Banghart, Magistrate Judge Duffy was discussing the alleged failure of trial counsel "to call their own expert to challenge the credentials of [the State's expert], to address the proper procedures of conducting a forensic interview of a child sexual assault victim, and to counter the investigator's use of the alleged child victim in attempting to elicit incriminating statement from him." Docket 20 at 44. She noted that Banghart does not identify specific testimony or opinions which would have had a reasonable probability of changing the outcome of his trial. *Id.* Instead, she states that Banghart merely speculates that such an expert could be found. *Id.* at 46.

Banghart argues that because he was not provided with a copy of the trial court record, all he could do was speculate. Docket 29 at 2. But as Magistrate Judge Duffy notes, there is nothing in the trial record to support

Banghart's claim. Docket 20 at 46. At no time has Banghart identified an expert who would testify that the State's expert was not qualified to give an opinion, challenge the forensic interview procedures that were used, or counter the investigator's use of the alleged child victim in attempting to elicit incriminating statements from Banghart. *Id.* Because a defense expert was not identified either now or at the trial level, a copy of the record from below would not assist Banghart in being able to show prejudice.

To establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the petitioner to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged

4

conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

As the report and recommendation notes, Banghart has failed to show that "an expert witness (1) would have been willing to testify on his behalf; (2) what specifically their testimony would have been or, most importantly; (3) that such testimony would have a reasonable probability of changing the trial's outcome." Docket 20 at 46. Even if Banghart had received a copy of the state court record, it does not include this information. Because Banghart has not shown that his trial counsel's performance was constitutionally deficient in dealing with the State's expert and not calling their own expert and has failed

5

to demonstrate how that failure has prejudiced his defendant, he is not entitled to federal habeas relief.

Here, an evidentiary hearing is not required because Banghart failed to demonstrate both prongs of the *Strickland* test for his claims. Thus, Banghart's request for an evidentiary hearing is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2254 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Banghart has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

It is ORDERED:

1. Banghart's objections to the report and recommendation (Docket 29) are overruled.

2. The report and recommendation (Docket 20) is adopted.

3. Respondents' motion to dismiss (Docket 9) is granted. Banghart's habeas petition (Docket 1) is dismissed with prejudice.

4. Banghart's motion for summary judgment (Docket 5) is denied.

5. A certificate of appealability is denied.

Dated February 23, 2022.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE